JUSTIN DEVILLE
v.
CANDY KYLES SETTOON.
No. 2008 CA 2107.
Court of Appeals of Louisiana, First Circuit.
June 12, 2009.
Not Designated for Publication
C. Jerome D'Aquila, Cy J. D'Aquila, Jr., Counsel for Appellant, Justin Deville.
Jamie E. Fontenot, Counsel for Appellee, Candy Kyes Settoon
Before: KUHN, GUIDRY, and GAIDRY, JJ.
KUHN, J.
Justin Deville, the biological father of the minor child, John Ross Sellers Settoon, appeals the trial court's judgment in favor of the mother, Candy Settoon, which denies his request to have John Ross's surname changed on his birth certificate. We affirm.
La. R.S. 40:34B(1)(a)(iv) provides:
If the child is born outside of marriage, the surname of the child shall be the mother's maiden name. If the father is known and if both the mother and the father agree, the surname of the child may be that of the father or a combination of the surname of the father and the maiden name of the mother. For purposes of this Item, "father" means a father who has acknowledged his child or who has been judicially declared the father in a filiation or paternity proceeding.
It is undisputed that John Ross's parents were not married at the time of his birth and that Mr. Deville has acknowledged paternity of his son. The evidence at trial established that the surname recorded on John Ross's birth certificate is Settoon.
Mr. Deville asserts that he and Ms. Settoon entered into an agreement whereby John Ross's surname would be a combination of both their surnames. Ms. Settoon testified that she wanted John Ross to have her last name and did not agree to have the child's surname changed to that of his father's. According to Mr. Deville, he and Ms. Settoon had discussed using his last name as the child's surname as long as he was "a good father," alluding that such discussions had taken place prior to the child's birth. The trial court accepted the testimony of Ms. Settoon and rejected that of Mr. Deville, which was in its province to do. See Stobart v. State, 617 So.2d 880, 882 (La. 1993) (if the trial court's factual findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. The reason for this is based on the trial court's better capacity to evaluate live witnesses as well as the proper allocation of trial and appellate functions between the respective courts).
Accordingly, the trial court's judgment, denying Mr. Deville's request to change the surname appearing on the birth certificate of his minor child based on its finding that Ms. Settoon did not agree to use of the father's last name as the surname of the child as required under La. R.S. 40:34B(1)(a)(iv) is affirmed by this memorandum opinion issued in compliance with La. URCA Rule 2-16.1.B. Appeal costs are assessed against Justin Deville.
AFFIRMED.